IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**CHARLES RAY CRAWFORD**      **PLAINTIFF**

**v.**      **No. 4:12CV38-M-A**

**CHRISTOPHER EPPS, ET AL.**      **DEFENDANTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* motion by Charles Ray Crawford for a temporary restraining order or preliminary injunction regarding the general conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant motion be denied.

**Factual Allegations**

Crawford, who is a death row inmate, alleges that he is housed with at least two severely mentally ill inmates, who often let urine and feces build up in their cell toilets for days or weeks on end, causing a foul stench throughout the unit. They also, at times, throw urine, feces, and other objects and liquids at the guards and other inmates. The guards will sometimes flush the offending inmate's toilet and clean his cell (acts for which the plaintiff is grateful), but this occurs seldom enough that the stench can be unbearable between cleanings. In addition, one inmate will wait until inmates are meeting for mental health care reasons in a cell nearby, then he will stir the foul contents of his toilet to disrupt the meeting. At least one such meeting has been canceled because of this behavior. On another occasion, an inmate who had not flushed his toilet distracted a guard transporting the plaintiff, and another inmate used the guard's distraction as an opportunity to attack the plaintiff.

The plaintiff argues that these conditions warrant an order from the court requiring the defendants to move the mentally ill inmates to an area where their loud and unsanitary antics do not endanger the plaintiff and his fellow death row inmates.

**Temporary Restraining Order or Preliminary Injunction**

A party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974). This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249. It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

In this case, the described conditions are deplorable, but the plaintiff has not shown that he faces an imminent threat of irreparable injury from them. In addition, the claims in the present motion largely mirror the claims in the plaintiff's complaint, which the court will rule upon in due course. For these reasons, the plaintiff's motion for a temporary restraining order or preliminary injunction will be denied.

Finally, the court notes that the conditions described – if proved – are of the nature prohibited in previous agreed orders, such as the one in *Presley v. Epps*, 4:05CV148-S, which dealt with conditions in Unit 32 at the Mississippi State Penitentiary, which has since been closed. At a trial of this matter, the court will be particularly curious to see whether any of the problems previously associated with Unit 32 have arisen in Unit 29. A judgment consistent with this memorandum opinion will issue today.

This, the 3rd day of July, 2013.

                                        **/s/ MICHAEL P. MILLS**
                                        **CHIEF JUDGE**
                                        **UNITED STATES DISTRICT COURT**
                                        **NORTHERN DISTRICT OF MISSISSIPPI**